**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00319-18 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LARRY RIDLEY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Larry Ridley's ("Ridley") Motion for Compassionate Release. See Record Document 1010. The Government has opposed Ridley's motion. See Record Document 1012. For the reasons set forth below, Ridley's Motion for Compassionate Release is hereby **DENIED**.[1]

**BACKGROUND**

On November 10, 2010, Ridley was charged in a Superseding Indictment with engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g); conspiracy to advertise the distribution of child pornography, in violation of 18 U.S.C. § 2251(d)(1) & (e); and conspiracy to distribute child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) & (b)(1). See Record Document 64. He entered a plea of guilty to engaging in a child exploitation enterprise in violation of Section 2252A(g). See Record Documents 451 & 453. By pleading guilty to this crime, Ridley was subject to a mandatory

---

[1] Ridley has also requested appointed counsel. In accordance with the Standard Procedural Order, the Federal Public Defender's Office notified the Court on August 16, 2021 that its office would not be enrolling on behalf of Ridley. Appointment of counsel is not required in this instance under the Criminal Justice Act. See U.S. v. Whitebird, 55 F.3d 1007 (5th Cir. 1995). The Court has also reviewed the record and declines to use its discretionary power to appoint counsel in this matter. Therefore, Ridley's request for appointment of counsel is **DENIED**.

minimum sentence of 20 years and up to life imprisonment. See 18 U.S.C. 2252A(g)(1). On October 26, 2011, Ridley was sentenced to 240 months in prison. See Record Documents 490, 492, & 495.

Ridley is currently incarcerated at Seagoville FCI in Texas. His projected release date is December 2, 2027.

## LAW AND ANALYSIS

Ridley seeks compassionate release based on a previous diagnosis of COVID-19, which he claims left him with lasting medical conditions of confusion, advanced dementia, memory loss, senility, mental deficiencies, and serious cognitive impairments. See Record Documents 1010 & 1010-1. He believes he will be particularly vulnerable if he contracts the virus again. See Record Document 1010. He also cites below par living standards and his inability to practice social distancing. See Record Document 1010-1.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Ridley moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling

reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A).  Ridley has exhausted his administrative remedies and the Court will proceed to the merits of his motion.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Ridley's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are

only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the

COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i).  If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Ridley cites his previous COVID-19 diagnosis, lasting medical conditions, and future vulnerability from any future infection as the grounds for compassionate release. Ridley attached no medical records to his motion.  None of the cited medical conditions – confusion, dementia, memory loss, senility – appear to fall within the level of severity required for extraordinary and compelling reasons for release.  Additionally, the Government was able to obtain Ridley's medical records, which reveal that subsequent to his COVID-19 infection in August 2020, Ridley has now been fully vaccinated against COVID-19.  <u>See</u> Record Documents 1012 & 1013.  According to the Centers for Disease Control and Prevention, the COVID-19 vaccines available in the United States are highly effective at preventing COVID-19 and may also reduce the risk of serious illness in the case of a COIVD-19 infection.  <u>See Benefits of Getting a COVID-19 Vaccine</u>, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last visited September 23, 2021).  Thus, even considering Ridley's undocumented medical conditions, there is no extraordinary and compelling reason supporting compassionate release in light of his vaccination status.

See generally U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021); U.S. v. Jones, No. 14-154, 2021 WL 1172537 (E.D. La. 03/29/2021); U.S. v. White, No. 11-287, 2021 WL 3021933 (W.D. La. 07/16/2021).

Notwithstanding, even if this Court were to assume that Ridley had extraordinary and compelling reasons for compassionate release, granting such release in this case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of Ridley's offense disfavor release. Ridley was a member of the Dreamboard child exploitation bulletin board. See Record Document 453. He reached the third-highest level of membership for Dreamboard and, over the course of his membership, he made 541 posts to the bulletin board. See id. Ridley's actions in the instant offense perpetuated the sexual abuse of children as Dreamboard placed a high premium on the posting of homemade child pornography. The seriousness of his offense is evidenced by the mandatory minimum sentence of 20 years. Ridley has served just over one-half of his 240 month sentence. Release at this time would not provide just punishment. Moreover, it is this Court's belief that a reduced sentence in this case simply would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this defendant. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, Ridley's Motion for Compassionate Release (Record Document 1010) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27th day of September, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT